UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
CENTRAL ISLIP DIVISION
---------------------------------------------------------------X
In re:

**RICHARD S. MONZONE**

        Debtor.

---------------------------------------------------------------X

**R. KENNETH BARNARD, ESQ. IN HIS CAPACITY AS CHAPTER 7 BANKRUPTCY TRUSTEE OF THE ESTATE OF RICHARD S. MONZONE**,

        Plaintiff,

  -against-

**LAW OFFICES OF GARY R. DEFILIPPO, P.C.**,

        Defendant.
---------------------------------------------------------------X

Chapter 7

Case No.: 8-19-71582 las

Adv. Pro. No.: 8-19-08148 las

**AMENDED COMPLAINT TO AVOID A PREFERENTIAL TRANSFER PURSUANT TO 11 U.S.C. §§ 547 AND 550, AND TO RECLASSIFY AND REDUCE CLAIM NUMBER 1**

Plaintiff R. Kenneth Barnard, Esq., in his capacity as Chapter 7 Bankruptcy Trustee (the "Plaintiff" or the "Trustee") of the Estate of Richard S. Monzone (the "**Debtor**"), by his attorneys, the Law Offices of R. Kenneth Barnard, as and for his Complaint against Defendant the LAW OFFICES OF GARY R. DEFILIPPO, P.C. ( the "**Defendant**"), alleges as follows:

**Nature of the Action**

1.     This adversary complaint seeks a judgment, pursuant to Sections 105(a), 502, 541, 542, 544(b), 547, 550, and 551 of Title 11 of the United States Code (the "**Bankruptcy Code**"), 28 U.S.C. § 2201, general common law, the general equitable powers of this Court, and Rules 3007, 6009 and 7001 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), avoiding a preferential transfer to the Defendant, declaring the Defendant's judgment lien void, and

reclassifying and reducing Defendant's claim (Claim No. 1) and allowing it as a timely filed non-priority unsecured claim for $27,795.62.

## Jurisdiction and Venue

2. Since this action arises under the pending Chapter 7 bankruptcy case of the Debtor, the United States Bankruptcy Court for the Eastern District of New York (the "**Bankruptcy Court**") has jurisdiction over this action under 28 U.S.C. " 157 and 1334 and Bankruptcy Rules 6009 and 7001.

3. This action is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A),(E), (F), (H) and (O).

4. Under 28 U.S.C.§ 1409(a), this Court is the proper venue for this proceeding.

## The Parties

5. As the Trustee in the Debtor's Chapter 7 case, Plaintiff is authorized to commence this action under § 323 of the Bankruptcy Code and Rule 6009.

6. Upon information and belief, the Defendant the LAW OFFICES OF GARY R. DEFILIPPO, P.C., ("**DeFilippo**") is a domestic professional corporation authorized to do business under the laws of the State of New York, having a business address of 60 Bay Street, Suite 711, Staten Island, NY 10301.

## Facts Applicable to All Claims for Relief

7. On 03/04/19 (the "**Filing Date**"), a voluntary Petition for relief was filed by the Debtor in accordance with Chapter 7 of the Bankruptcy Code.

8. Plaintiff was appointed interim Chapter 7 Trustee of the Debtor's Estate, and has duly qualified and is acting as the permanent Trustee in the Debtor's Chapter 7 case.

9. DeFilippo provided legal representation to the Debtor in 2017, for which he was not paid.

10. At DeFIlippo's request, the Debtor signed an Affidavit of Confession of Judgment with respect to the outstanding legal fees.

11. DeFilippo recorded the Debtor's Confession of Judgment, and the Clerk of the County of Nassau entered judgment thereon in the sum $48,874.00 on December 19, 2017 (the "**Judgment by Confession**").

12. In February 2018, the Debtor commenced an action in the New York State Supreme Court, Nassau County, captioned "Richard S. Monzone v. The Law Offices of Gary R. DeFilippo, PC and Gary R. DeFilippo, Esq., Index No. 602278-2018", and brought on a motion by Order to Show Cause, seeking an order vacating the Judgment by Confession (the "**Monzone OSC**").

13. The Monzone OSC was signed and entered, and included a paragraph enjoining DeFilippo and the Sheriff from executing on the Judgment by Confession.

14. On June 7, 2018 New York State Supreme Court Justice Thomas Feinman rendered his decision (the "**Feinman Decision**") on the Monzone OSC, effectively vacating or invalidating the Judgment by Confession, and directing that a hearing be held to determine the amount properly due DeFilippo.

15. A hearing was held before Justice George Peck on August 9, 2018 (the "**Peck Hearing**"), and at its conclusion the Court awarded judgment in favor of DeFilippo for $25,000.00. That judgment was signed by Justice Robert A. Bruno, and entered October 12, 2018, with interest and costs, aggregating $27,795.62 (the "**Bruno Judgment**").

16. On December 18, 2018, (within 90 days prior to the Filing Date) DeFilippo delivered an Execution with respect to the Bruno Judgment to the Sheriff of Nassau County.

17. On or about February 3, 2019 the Sheriff served the Execution upon TD Ameritrade.

18. On or after February 7, 2019, the Sheriff of the County of Nassau received the turnover of the proceeds thereof from TD Ameritrade, in the sum $28,387.45 (the **"TD Ameritrade Proceeds"**).

19. The Sheriff of the County of Nassau was in possession of $28,387.45 on the Filing Date.

20. On May 2, 2019, the Law Offices of Gary R. DeFilippo, P.C. filed a Proof of Claim with the Clerk of the United States Bankruptcy Court for the Eastern District of New York, which has been designated as Claim No. 1 (the "**DeFilippo Secured Claim**"), asserting that its claim is secured against "TD Ameritrade Brokerage Account" by virtue of a "lien" (the "**Lien**").

**First Claim for Relief**
(Preferential Transfer)
(Bankruptcy Code § 547)

15. Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "20" as if set forth fully herein.

16. By operation of law, in accordance with the provisions of New York Civil Practice Law and Rules §5202, the delivery of an execution to the Sheriff of the County of Nassau on December 18, 2018, perfected a lien upon the TD Ameritrade Proceeds.

17. The perfection of a lien upon the TD Ameritrade Proceeds constituted the transfer (the "**Transfer**") of an interest of the Debtor in property, as that term is used in 11 U.S.C.§547.

18. Upon information and belief, the Transfer was made to, or for the benefit of, the Defendant.

19. Upon information and belief, the Transfer was made on account of an antecedent debt owed by the Debtor to the Defendant prior to the Filing Date.

20. Upon information and belief, the Transfer was made while the Debtor was insolvent.

21. Upon information and belief, the Transfer was made within ninety days of the Filing Date to the Defendant.

22. Upon information and belief, the Transfer enabled the Defendant to receive more than it would have otherwise received: (a) in a Chapter 7 bankruptcy case; (b) if the Transfer had not been made; and (c) if it received payment to the extent provided by the provisions of the Bankruptcy Code.

23. Upon information and belief, by reason of the foregoing, the Transfer is voidable and recoverable by the Plaintiff under §§ 547(b) and 550(a) of the Bankruptcy Code.

24. By reason of the foregoing, Plaintiff is entitled to judgment, under § 547(b) of the Bankruptcy Code avoiding and setting aside the Transfer, declaring Defendant's Lien as void, and reclassifying the DeFilippo Secured Claim (Claim No. 1) as a timely filed non-priority unsecured claim.

### Second Claim for Relief
(Reducing Claim 1)
(Bankruptcy Code § 502)

25. Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "20" as if set forth fully herein.

26. That the DeFilippo Secured Claim (Claim No. 1) (copy annexed as Exhibit "A") asserts a claim for $48,874.91, based upon the Judgment by Confession, a copy of which is annexed to that claim in support thereof.

27. The Feinman Decision on the Monzone OSC, effectively vacated or invalidated the Judgment by Confession, and the amount due to DeFilippo was fixed and determined at the Peck Hearing, and reduced to judgment in the sum $27,795.62 in the Bruno Judgment.

28. Any sum in excess of the amount allowed in the Bruno Judgment is unenforceable as a matter of law, and exceeds the amount which has been determined to be due to the claimant by final Judgment of the New York State Supreme Court.

29. In addition to all other remedies sought herein, the Plaintiff is entitled to an order pursuant to §502 of the Bankruptcy Code, reducing Claim No. 1 to $27,795.62.

**WHEREFORE,** the Plaintiff demands judgment against the Defendant voiding and setting aside the Transfer, declaring Defendant's Lien as void, and reclassifying the DeFilippo Secured Claim (Claim No. 1) as a timely filed non-priority unsecured claim and reducing that claim to $27,795.62, and awarding the Plaintiff such other and further relief as the Court deems just and proper.

Dated: Wantagh, New York
       November 25, 2019

                           **LAW OFFICES OF**
                           **R. KENNETH BARNARD**
                           Attorneys for the Trustee

           By:   *s/ R. Kenneth Barnard*
                  R. Kenneth Barnard
                  3305 Jerusalem Avenue
                  Suite 215
                  Wantagh, New York 11793
                  (516) 809-9397

*EXHIBIT "A"*

| **Fill in this information to identify the case:** |
|---|
| Debtor 1   Richard Monzone |
| Debtor 2 (Spouse, if filing) |
| United States Bankruptcy Court   **Eastern District of New York** |
| Case number:  **19–71582** |

**FILED**
**U.S. Bankruptcy Court**
**Eastern District of New York**
5/2/2019
**Robert A. Gavin, Clerk**

Official Form 410
# Proof of Claim

04/19

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

## Part 1: Identify the Claim

**1. Who is the current creditor?**

Law Offices of Gary R. DeFilippo, PC

Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Law Offices of Gary R. DeFilippo, PC
Name

60 Bay Street, Ste 711,
Staten Island, NY 10301

Contact phone ____7186893850____
Contact email ____grdlaw@aol.com____

Where should payments to the creditor be sent? (if different)

Name
Contact phone _____
Contact email _____

Uniform claim identifier for electronic payments in chapter 13 (if you use one):
_____

**4. Does this claim amend one already filed?**

☐ No
☑ Yes. Claim number on court claims registry (if known) __1__   Filed on __03/08/2019__
                                                                            MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing? _____

Official Form 410                              Proof of Claim                              page 1

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**
☑ No
☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: _____

**7. How much is the claim?** $ 48874.91

**Does this amount include interest or other charges?**
☐ No
☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**
Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).
Limit disclosing information that is entitled to privacy, such as healthcare information.

Legal Services performed

**9. Is all or part of the claim secured?**
☐ No
☑ Yes. The claim is secured by a lien on property.
**Nature of property:**
☑ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410–A) with this *Proof of Claim*.
☐ Motor vehicle
☑ Other. Describe: TD Ameritrade Brokerage Account

**Basis for perfection:** lien

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:** $ 550000.00
**Amount of the claim that is secured:** $ 48874.91
**Amount of the claim that is unsecured:** $ 0.00   (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $ 48874.91

**Annual Interest Rate** (when case was filed) 9 %
☑ Fixed
☐ Variable

**10. Is this claim based on a lease?**
☑ No
☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $ _____

**11. Is this claim subject to a right of setoff?**
☑ No
☐ Yes. Identify the property: _____

Official Form 410                    Proof of Claim                    page 2

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☑ No<br>☐ Yes. *Check all that apply*: | **Amount entitled to priority** |
|---|---|---|
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $ |
| | ☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $ |
| | ☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(_) that applies | $ |
| | * Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment. | |

## Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157 and 3571.**

Check the appropriate box:

☑ I am the creditor.
☐ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this Proof of Claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this Proof of Claim and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date    5/2/2019
MM / DD / YYYY

/s/  Gary R DeFilippo

Signature

Print the name of the person who is completing and signing this claim:

Name: Gary R DeFilippo
First name   Middle name   Last name

Title: Attorney at Law

Company: Law Offices Gary R. DeFilippo
Identify the corporate servicer as the company if the authorized agent is a servicer

Address: 60 Bay Street, Suite 711
Number  Street
Staten Island, NY 10301
City  State  ZIP Code

Contact phone  7186893850    Email  grdlaw@aol.com

Official Form 410                Proof of Claim                page 3

# Nassau County
## Maureen OConnell
## County Clerk
## Mineola, NY 11501



| | |
|---|---|
| Ref ID#: IN 17 003250 | Instrument Number: 2017- 00268828 As |
| | **J01 - JUDGMENT-SUPREME COURT-MONEY** |

Recorded On: December 19, 2017
Parties: LAW OFFICES OF GARY R DEFILIPPO PC
    TO RICHARD S MONZONE
Recorded By: GARY R DEFILIPPO PC

Num Of Pages: 9
Comment:

**\*\* Examined and Charged as Follows: \*\***

J01 - JUDGMENT-SUPREME COU    0.00
    Recording Charge:    0.00

---

**\*\* THIS PAGE IS PART OF THE INSTRUMENT \*\***

I hereby certify that the within and foregoing was recorded in the Clerk's Office For: Nassau County, NY

**File Information:**
  Document Number: 2017- 00268828
  Receipt Number: 907933
  Recorded Date/Time: December 19, 2017 12:17:43P
  Book-Vol/Pg: Bk-J Vl-4255 Pg-23
  Cashier / Station: 0 CAG / NCCL-CCCYDP1

**Record and Return To:**



*Maureen O'Connell*
**County Clerk Maureen O'Connell**

X 157 — Judgement on failure to appear or plead, blank court: 4-95    BlumbergExcelsior, Inc., PUBLISHER, NYC 10013 www.blumberg.com

Supreme COURT
COUNTY OF Nassau

Index No. 2017-003250

The Law Offices of Gary R DeFilippo, PC., and Gary R. DeFilippo, Esq.

Plaintiff

against

Richard S. Monzone

Defendant

STATEMENT FOR JUDGMENT

An action against a natural person based upon non-payment of a contractual obligation.†

Amount claimed in Complaint (notice) .................... $48,664.00
Interest ..........................

Costs by Statute ..........................   $ .00
Service of Summons and
Affidavits ..........................
Transcripts and Docketing ..........................
Clerk's Fees entering Judgment ..........................
Postage ..........................
Sheriff's Fees on Execution ..........................
Satisfaction Piece ..........................
Taxing Costs ..........................
Fee for Index Number ..........................   $210.00

ADJUSTED AT $ 210. 19th DAY OF Sept 2017   Maureen O'Connell CLERK, NASSAU CO

Costs taxed at $210.00 ..........................

Clerk

Total ........ $48,874.00

ATTORNEY'S AFFIRMATION

STATE OF NEW YORK, COUNTY OF                          SS.:
The undersigned, attorney at law of the State of New York
The Law Offices of Gary R DeFilippo, PC and Gary R DeFilippo attorney(s) of record for the plaintiff(s) herein, states that the disbursements above specified are correct and true and have been or will necessarily be made or incurred herein and are reasonable in amount; that the time of the defendant(s) to appear or answer herein has expired and that the said defendant(s) has not appeared or answered herein. The undersigned affirms this statement to be true under the penalties of perjury.
Dated:

Gary R DeFilippo
The name signed must be printed beneath
Gary R. DeFilippo

JUDGMENT entered on December 19, 2017     The summons and
in this action having been personally served on
defendant(s) herein and the time of said defendant(s) to appear or answer having expired, and said defendant(s) not having appeared or answered herein

NOW, ON MOTION OF
attorney(s) for plaintiff(s) it is,

ADJUDGED that The Law Offices of Gary R DeFilippo, PC and Gary R DeFilippo, Esq.                                     plaintiff(s),
residing at
do recover of  60 Bay Street, Ste 711, Staten Island, NY 10301
                Richard S. Monzone                                     defendant(s),
residing at  3402 Elliott Blvd, Oceanside, NY 11572
the sum of $ 48,664.00  the amount claimed with interest with $ 210.00  ---  costs and disbursements,
amounting in all to the sum of $ 48,874.00    and that the plaintiff(s) have execution therefor.

Maureen O'Connell  Clerk

† A notice of default must be mailed to defendants in an action against a natural person based upon non-payment of a contractual obligation (CPLR 308, as amended). Delete if inapplicable.

COURT, COUNTY OF

The Law Office of Gary R DeFilippo, PC **Plaintiff(s)**

against

Richard S. Monzone **Defendant(s)**

AFFIDAVIT OF FACTS CONSTITUTING THE CLAIM THE DEFAULT AND THE AMOUNT DUE

STATE OF NEW YORK, COUNTY OF _____ ss.:

Gary R. DeFilippo, Esq being duly sworn, deposes and says: that the deponent is the plaintiff(s) in the within action; this action was commenced by Confession of Judgment. service of the summons upon defendant(s) and is an action

Notice of default (a copy of the summons _____ ) was mailed to defendant(s) on _____ a date which is at least 20 days prior to entry of this judgment and proof of service thereof is annexed.†

*

Wherefore deponent demands judgment against the defendant(s) in the sum of $ 48,874.00 — with interest from _____ together with the costs and disbursements of this action.

Sworn to before me on

......................................................
The name signed must be printed beneath

† Delete if applicable.
* Show basis of venue    *Information pursuant to Section 5018(c) of the Civil Practice Law and Rules*

*Residence and trade or profession of Defendant*

*Residence address of Plaintiff*

Index No. 2017-003250
Supreme Court
County of Nassau

The Law Offices of Gary R DeFilippo, PC and Gary R DeFilippo, Esq **Plaintiff(s)**

against

Richard S. Monzone **Defendant(s)**

**Judgment Roll**

The Law Offices of Gary R DeFilippo PC
*Attorney(s) for Plaintiff(s)*
*Office and Post Office Address*
60 Bay Street, Ste 711
Staten Island, NY 10572

Amount and interest, $48,664.00
Costs and disbursements, $210.00
                         $48,874.00

Filed _____ at _____ o'clock _____ M.