UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
(Central Islip)

-------------------------------------------------------

IN RE: RICHARD S. MONZONE,                                A.P. No.: 8-19-08148-las

                                 Debtor.                            Case No.: 8- 19-71582-
                                                   las Chapter 7

-------------------------------------------------------

R. Kenneth Barnard, ESQ. in his capacity as Chapter 7
Bankruptcy Trustee of the Estate of Richard S. Monzone

                                Plaintiffs,
                                                           ANSWER TO AMENDED
                        v.                                          ADVERSARY COMPLAINT
                                                            **WITH AFFIRMATIVE**
LA W OFFICES OF GARY R. DEFILIPPO, PC,            **DEFENSES AND COUNTER-**
and GARY R. DEFILIPPO, ESQ.,                                **CLAIMS**

                               Defendant                     Judge Louis A. Scarcella

-------------------------------------------------------

STATE OF NEW YORK    )
                            ) ss.:
COUNTY OF RICHMOND )

      GARY R, DEFILIPPO, ESQ., being duly sworn, deposes and says or makes the following Amended Answers under the penalties of perjury:

      1.      I am an Attorney admitted to practice before the Courts of the State of New York and the Federal District Courts for the Eastern and Southern Districts of New York.

      2.      I am Attorney for Law Offices (hereinafter Law Offices) and myself as Defendants in the above-entitled action, and this Answer to the Amended Adversary Complaint is respectfully submitted in Opposition to R. Kenneth Barnard's attempt to prevent transfer of the funds held by Mr. Barnard to the your affiant to satisfy the Order and Judgment of Nassau County Supreme Court (J. Bruno) entered against Petitioner and in favor your affiant herein, by voiding and setting aside the preferential transfer of Monzone's debt to the Law Offices.

## FACTS AND BACKGROUND

3.  The Petitioner Monzone retained the Law Offices on or about June 9, 2017 to represent him on an appeal of a Nassau County Family Court Order denying his Custody Petition; an Opposition to a Motion for Attorney's fees brought against him by the child's mother and a subsequent Support violation brought by him to recover child care expenses from the child's mother, which Monzone based upon fraud.

4.  On or about June 14, 2017 Monzone signed a Confession of Judgment based upon his statement that he would pay his account, in full, at a later date.

5.  Legal representation was provided from June 9, 2017 to November 6 2017, at which time Monzone had committed perjury and tampered with evidence and a witness during a Support hearing. A report of Monzone's perjury and evidence and witness tampering was given to the Nassau Family Court. In accordance with your affiant's ethical and professional conduct requirements to report such information after Monzone began proceedings to prevent your affiant from collecting on the Confession of Judgment.

6.  The Confession of Judgment was ultimately filed on or about December 19, 2017 for a total amount of $48,874.00, after debtor refused to pay for legal services rendered. The Judgment was also registered on U.S. Land Records, Document # 209894, Volume 00275 p. 66 and 268828, Volume 4255, p. 23 as a lien against debtor's real property located at 3402 Elliott Blvd., Oceanside, NY 11572. Which is still an active lien.

7.  Monzone then brought an Order to Show Cause in the Nassau County Supreme Court where he made false claims that he never agreed to pay for legal services provided by your affiant. Despite the fact that copies of the Retainer Agreement and the Confession of Judgment with Bill of Costs attached, as well as copies of Plaintiffs' Billing Statements, were submitted to the Court by your affiant. In the Decision dated June 9, 2017 the Nassau Supreme Court held that the Confession of Judgment, Retainer Agreement and Billing Statements were all valid and enforceable. The Court ordered a hearing to determine the reasonableness of the fees billed.

8.  As for the allegations set forth in paragraph 14 of the Amended Complaint, once again they are DENIED. Plaintiff Barnard makes false statements regarding the Confession of

Judgment executed by debtor Monzone. Again, Law Offices served an Execution of Judgment on the Nassau County Sheriff on or about December 18, 2018. Not February 7, 2019. Justice Feinman did not vacate the Confession of Judgment. In fact, Justice Feinman made it clear in his Decision that the Confession of Judgment was, in fact, valid. The only issue to be decided was the reasonableness of the fees due to Defendant herein by the debtor. There was no effective "vacating" of the Confession of Judgment. (See copy of the Decision. Exhibit A) And Justice Peck modified the original amount due under the Confession of Judgment without permitting the Law Offices to present any evidence in support of the fees. Therefore, the allegations set forth in Amended Complaint, paragraph 14, are blatantly false and without any merit

8. Moreover, Monzone's history and penchant for making false statements under oath are well documented. In fact, even Mr. Barnard stated to Monzone, during the April 22, 2019 341 Hearing that Mr Barnard stated "These are the most remarkably inaccurate schedules I've ever seen." Mr. Barnard then called attention to Monzone's false submissions as to the actual value of the property known as 3402 Elliot Blvd. Oceanside, NY was belied by estimates and realtor assessments of the property. Which valued the property in excess of $500,000. Monzone also listed creditors on his schedule but then claimed he did not know who they were.

9. Monzone had also failed to list your affiant as creditors in the Bankruptcy Petition. Despite all of the attempts by Monzone to misrepresent and fraudulently file for bankruptcy protection Mr. Barnard curiously recommended to this Court that Monzone's Petition should be granted. One has to wonder what prompted such a recommendation knowing of all the false statements and inaccuracies in Monzone's filing. Perhaps a conflict of interest is at foot here.

10. Interestingly enough, Monzone also checked the "No" box on his Schedules indicating that he had no furniture, clothing, household items, bank accounts, IRAs or other assets other than his house. He also claimed that the total of all his assets is $0 (zero). His explanation was that he made a mistake. Apparently he attempted another deception and got caught.

11. Moreover, he admitted, at the May 10, 2019 341 Meeting, that funds in his TD Ameritrade equity account were a combination of his own funds and death benefits left to his mother by his father in the amount of $150,000. And that his mother is a paraplegic. Apparently she is collecting Social Security benefits. He went on to testify that his mother made no withdrawals from

this account (which is actually had three accounts not two as he claims) and that he made the only withdrawals which, a review of the TD Ameritrade statements show that withdrawals ("margin loans") totaled more than $180,000. Yet he claimed that all of this money was spent by him and yet he could not explain where all of this money went. According to his testimony $150,000 in these accounts belongs to his mother yet there is no explanation as to why he withdrew it and spent it. This would appear to be another act of bank fraud that must be investigated.

13.  Monzone also falsely testified that he did not submit a financial disclosure statement, in 2017, in Nassau County Family Court. In that financial disclosure he claimed to have earned interest and dividend income of $14,021.00. Although he did not list the source of this income. interest and dividends in such an amount would indicate that there is a large amount of funds, either in a bank account or equity account that yielded $14.021.00 in income. This is yet another reason to investigate defendant for fraud. Yet Mr. Barnard argues that Monzone was insolvent in December 2018, when this defendant perfected the lien on Monzone's TD Ameritrade accounts by filing an Execution of Judgment with the Nassau County Sheriff for service upon TD Ameritrade. It must be noted that this defendant has no control over when the Nassau County Sheriff serves an Execution of Judgment on a property holder.

14.  TD Ameritrade executed several transactions in Monzone's accounts on or about February 3, 2019 and a check in the amount of $27, 795.62 was issued by TD Ameritrade on or about February 7, 2019 and delivered to the Nassau County Sheriff for distribution to this Law Office. Pursuant to Nassau County Sheriff procedures the check was held until March 4, 2019. The exact date when Monzone suddenly decided to file for bankruptcy protection under Chapter 7. Yet, as stated before, Monzone never listed this defendant Law Firm as creditors in his filing.

15.  Law Offices Denies the allegations set forth in paragraph "12" of the Amended Complaint. Plaintiff's false statement that the lien, perfected by your defendant against Monzone's TD Ameritrade account, was done while Monzone was insolvent is false and without merit. No such insolvency was ever recorded by Monzone prior to the Nassau County Supreme Court (J. Bruno) issuing judgment (which modified the Confession of Judgment amount filed on December 19, 2017) against debtor on October 5, 2018, nor was any alleged insolvency recorded on December 19, 2017.

16.     Clearly, the Law Offices' First Cause of Action in his Adversary Complaint against Monzone clearly asserts, pursuant to 11 U.S.C. §523(a)(2)(B)(iii), that because this defendant's attorney's fees were aggregated more than ninety (90) days prior to defendant filing his Bankruptcy Petition on March 4, 2019, Monzone was not insolvent when Judgment was entered against him, on December 19, 2017 when the Confession of Judgment was filed in the Nassau County Clerk's Office, nor when the modified judgment was issued on October 5, 2018 and when the Execution of Judgment was served on the Nassau County Sheriff on or about December 22, 2018.

17.     Law Offices Denies the allegations set forth in paragraph "14" of the Amended Complaint as factually incorrect and a clear misstatement of fact. Law Offices filed Proof of Claim with the Bankruptcy Clerk on March 8, 2019, not May 2, 2019. Clearly Mr. Barnard does not have his facts straight nor does he even have a valid basis for his "information and belief" that Monzone was insolvent at the time the Execution of Judgment was served on the Nassau County Sheriff for service on TD Ameritrade. And there appear to be a serious conflict of interest on the part of Mr. Barnard.

18.     Moreover, as this Court is well aware Law offices submitted an Adversary Complaint against Monzone, based upon fraud and fraudulent inducement, which is currently pending before this Court. Monzone should not be permitted to avoid paying the legal fees he owes to Law Offices. And Mr. Barnard should not be permitted to avoid the debt owed to the Law Offices by assisting Monzone in his fraudulent conduct. I respectfully incorporate the allegations set forth in Law Offices Adversary Complaint by reference herein.

19.     By reason of the foregoing, Law Offices lien and transfer of the $27,875.62 from Monzone's TD Ameritrade accounts should remain a Secured Claim and receive preferential distribution by Mr. Barnard, forthwith.

.**As and For An Answer to the First Cause of Action**

20.     Law Offices repeats and reiterates -alleges the allegations set forth in paragraphs "1" through "19" as if set forth fully herein.

21.     Law Offices Denies the allegations set forth in paragraph "16" of the Amended Complaint and states that, pursuant to New York Civil Practice Law and Rules §5202, when the Execution of Judgment,

by way of the Confession of Judgment, was served upon the Sheriff of Nassau County on December 19, 2017, the lien against debtor's TD Ameritrade accounts was perfected. Contrary to Plaintiff's clear misstatement of the facts and law. To be sure, when a judgment creditor rights… or an interest in a judgment debtor's personal property… or judgment may be enforced, are superior to the rights of any transferee… (b) where a judgment creditor has secured an order for delivery of payment… the judgment creditor's rights in the debt or property are superior to the rights of any transferee of debt or property…

22.  Law Offices Denies the allegations set forth in paragraph "17" of the Amended Complaint as another misstatement of fact by Plaintiff. Law Offices perfected a lien upon Monzone;s personal and real property by filing the Confession of Judgment, executed by Monzone on June 14, 2017, in the Nassau County Clerk's Office and filing a lien against debtor Monzone's real property with U.S. Land Records (see U.S. Land Records, Document #209894, Volume 00275, p.66 and #268828, Volume 4255, p. 23) on December 19, 2017.

23.  Admits that the TD Ameritrade proceeds were transferred based upon the Confession of Judgment (filed on December 19, 2017) as modified by the Judgment of the Nassau County Supreme Court (J. Bruno), dated October 5, 2018. Said Judgment did not nullify or vacate the Confession of Judgment but merely modified the amount of the Judgment filed on December 19, 2017. Therefore, on December 19, 2019 debtor Monzone was not insolvent nor was the perfection of the lien on that date within ninety (90) days of Monzone's Bankruptcy petition.

24.  Denies the allegations set forth in paragraph 18 of the Amended Complaint as incorrect and factually false except Admits the transfer of proceeds from the TD Ameritrade account was based upon the Confession of Judgment dated June 17, 2017 and was based upon the executed Confession of Judgment was for the benefit of the Law Offices herein.

25.  Denies and corrects plaintiff's misstatement in paragraph 19 of the Amended Complaint that said debt was antecedent, in fact, said debt as contained in the executed Confession of Judgment was

preferential to all other debts owed by debtor Monzone as no other creditor even attempted to obtain a judgment against Monzone, including the Plaintiff herein.

26. Denies the allegations set forth in paragraph 20 of the Amended Complaint and asserts to this Court that debtor Monzone admitted, to the Law Offices, that he had transferred significant amounts of money from his TD Ameritrade accounts to avoid showing assets during his custody and support trial in the Nassau County Family Court. This was one of a myriad reasons why this defendant withdrew from representing debtor. And, debtor further misled the Plaintiff Trustee, during the 341 Hearings that the funds in those three TD Ameritrade accounts were withdrawn by him, despite his claim that the funds were his mother's, which were not in her name on any account, and that he withdrew the funds to pay attorney's fees, which were never paid by debtor. Yet Plaintiff recommended granting the Petition even with the full and clear knowledge that debtor had lied in his Petition and at the 341 hearing. One must wonder what Plaintiff's motive was for such a recommendation.

27. Denies the allegations set forth in paragraph 21 of the Amended Complaint and reiterates that the transfer and execution of the October 5, 2018 Judgment of the Nassau County Supreme Court (J. Bruno) which modified the Confession of Judgment filed on December 19, 2017. More than fifteen (15) months prior to the fraudulent Bankruptcy petition file by debtor on or about March 4, 2019, which was required to be amended on April 19, 2019 because it was an incomplete filing, which was also stated to be the "most inaccurate schedules" ever seen by Plaintiff Trustee. Yet Plaintiff still recommended the petition be granted.

28. Denies the allegations set forth in paragraph "22" of the Amended Complaint and asserts that Law Offices is the only creditor with a Judgment against Monzone and that Judgment placed a lien on Monzone's personal and real property on December 19, 2017, more than fifteen (15) months prior to Monzone filing the fraudulent bankruptcy petition, which was modified by the Judgment against Monzone on October 5, 2018. Execution of the Judgment would have been completed in or about January 2018 if not for Monzone's

repeated and fraudulent attempts to block it. The debt owed by debtor to the Law Offices is not more than the Law Offices would receive based upon the Judgment of the Nassau County Supreme Court (J. Bruno). Based upon information and belief, Plaintiff Trustee received remuneration from debtor to recommend the granting of the bankruptcy petition and is seeking further remuneration to the detriment of all creditors, especially the Law Offices which is the only creditor with a Court Ordered Judgment against debtor Monzone. Pursuant to §§ 547(c) and 550(b) Mr. Barnard, as Trustee may not recover any transfer of property to the Law Offices based upon the fact that the lien on Monzone's personal and real property was effected on December 19, 2017. The continued misstatement of facts by Mr. Barnard appears to be consistent with his less than complete investigation into Monzone's fraudulent conduct. Mr. Barnard should have checked U.S. Land Records before he based his Adversary Proceeding on "information and belief". (See US Land Records, Document # 209894, Volume 00275 p. 66 and 268828, Volume 4255, p. 23) The lien, based upon the Confession of Judgment, in the amount of $48,874.00 was placed on Monzone's real property on December 19, 2017. Therefore, it was entered more than 1 year and 3 months prior to Monzone's seemingly fraudulent bankruptcy petition.

29. Denies the allegations set forth in paragraph "23" of the Complaint and asserts that, based upon information and belief, Plaintiff Trustee is seeking to receive further compensation for himself while denying Law Offices, the only secured creditor, its right to collect on the Judgment of the Nassau County Supreme Court, dated October 5, 2018 which modified the Confession of Judgment filed by this defendant on December 22, 2017 in the Nassau County Clerk's Office.

30. While Plaintiff Barnard would like to change the facts, the Confession of Judgment executed by debtor Monzone was intended to be in exchange for legal services rendered by Law Offices. And the Law Offices agreed to render such services only upon the execution of the Confession of Judgment, which **was not vacated and was made in the "ordinary course of business."** 11 USC §547(g) Pursuant to 11 U.S.C §547 (c)(1)(A) the Trustee may not avoid a transfer where the debtor and creditor intended to or for whose benefit such transfer is made and (2)(B), to the extent such transfer was in payment of a debt incurred by debtor in the ordinary course

8

of business… made according to ordinary business terms.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

31. Law Offices repeats, reiterates, and re-alleges the answers given herein numbered 1 through 30 as if the same were set forth herein at length.

32. That plaintiff's complaint fails to state a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

33. Law Offices repeats, reiterates, and re-alleges the answers given herein numbered 1 through 32 as if the same were set forth herein at length.

34. Pursuant to 11 U.S.C §547 (c)(1)(A) the Trustee may not avoid a transfer where the debtor and creditor intended to or for whose benefit such transfer is made and (2)(B), to the extent such transfer was in payment of a debt incurred by debtor in the ordinary course of business… made according to ordinary business terms.

### THIRD AFFIRMATIVE DEFENSE

35. Law Offices repeats, reiterates, and re-alleges the answers given herein numbered 1 through 34 as if the same were set forth herein at length.

36. That the trustee is not proceeding as a reasonable bankruptcy trustee would act under the same or similar circumstances and is exceeding his authority as bankruptcy trustee.

37. That the primary purpose of the bankruptcy trustee is to balance the administration of justice and not to extort funds from Judgment creditors, especially the Law Offices and to retaliate by filing adversary proceedings.

38. That the bankruptcy trustee is exceeding his authority and proceeding in an unreasonable manner.

### FOURTH AFFIRMATIVE DEFENSE

39. Law Offices repeats, reiterates, and re-alleges the answers given herein numbered 1 through 38 as if the same were set forth herein at length.

40. That the trustee, based upon information and belief, expects Law Offices to pay his post-petition fees and/or to obtain further remuneration to the detriment of Law Offices.

41. That the trustee is not entitled to further remuneration to the detriment of Law Offices.

## FIFTH AFFIRMATIVE DEFENSE

42. Defendant repeats, reiterates, and re-alleges the answers given herein numbered 1 through 41 as if the same were set forth herein at length.

43. That the trustee, pursuant to §§547 (c) and 550 (b), may not recover any transfer of property to the Law Offices based upon the fact that the lien on Monzone's personal and real property was effected on December 19, 2017. The continued misstatement of facts by Trustee appears to be consistent with his less than complete investigation into Monzone's fraudulent conduct. Trustee should have checked U.S. Land Records before he based his Adversary Proceeding on "information and belief". (See US Land Records, Document # 209894, Volume 00275 p. 66 and 268828, Volume 4255, p. 23) The lien, based upon the Confession of Judgment, in the amount of $48,874.00 was placed on Monzone's real property on December 19, 2017. Therefore, it was entered more than 1 year and 3 months prior to Monzone's seemingly fraudulent bankruptcy petition.

44. Law Offices reserves such other and further Affirmative Defenses as may become apparent through discovery.

## SIXTH AFFIRMATIVE DEFENSE

45. Law Offices repeats, reiterates, and re-alleges the answers given herein numbered 1 through 44 as if the same were set forth herein at length.

46. Plaintiff is barred from relief by his own unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

47. Law Offices repeats, reiterates, and re-alleges the answers given herein numbered 1 through 46 as if the same were set forth herein at length.

48. Plaintiff's claims are barred by his own culpable conduct and/or the culpable conduct of the debtor Monzone.

## EIGHTH AFFIRMATIVE DEFENSE

49. Law Offices repeats, reiterates, and re-alleges the answers given herein numbered 1 through 48 as if the same were set forth herein at length.

50.     Plaintiff's claims are barred by waiver, laches and/or estoppel.

## NINTH AFFIRMATIVE DEFENSE

51.     Law Offices repeats, reiterates, and re-alleges the answers given herein numbered 1 through 50 as if the same were set forth herein at length.

52.     Plaintiff has failed to establish the elements of 11 U.S.C. §§541 and 542.

## FIRST COUNTERCLAIM

53.     Law Offices repeats, reiterates, and re-alleges the answers given herein numbered 1 through 52 as if the same were set forth herein at length.

54.     That the trustee is proceeding in an adversary action in retaliation for Law Offices refusal to agree to accept less than the Judgment amount Ordered by the Nassau County Supreme Court.

55.     That Law Offices demands an award and compensation for Trustees retaliation to be determined by the Court.

## SECOND COUNTERCLAIM

56.     Defendant repeats, reiterates, and re-alleges the answers given herein numbered 1 through 55 as if the same were set forth herein at length.

57.     That the trustee has made it clear that if Law Offices do not drop opposition to his Adversary Complaint he will demand that Law Offices pay attorney's fee to Trustee for causing him to litigate this matter.

58.     That Trustee's actions considering his appointment as bankruptcy trustee clearly amounts to extortion by use of threats to reduce Law Offices lawful Judgment to zero and for the purpose of Trustee obtaining payments to the detriment of legitimate creditors of Monzone.

59.     Law Offices asks the court to grant relief to debtor by a ruling that the trustees' actions are extortion and permanent removal of Mr. Barnard as trustee in the underlying bankruptcy matter.

60.     Law Offices would also pray for an investigation into Mr. Barnard as a trustee to determine whether or not Mr. Barnard regularly conducts himself in this manner and for a protective order removing him as a trustee from this and all cases.

## THIRD COUNTERCLAIM

61. Law Offices repeats, reiterates, and re-alleges the answers given herein numbered 1 through 60 as if the same were set forth herein at length.

62. The Trustee is intentionally interfering with the legally and enforceable Confession of Judgment executed by debtor Monzone, for the benefit of Law Offices, and filed in the Nassau County Clerk's Office on December 19, 2017, and the Judgment of the Nassau County Supreme Court Judgment entered against Monzone as a modification of the Confession of Judgment.

63. Law Offices perfected a lien on Monzone's personal and real property on December 19, 2017, not as Trustee frequently and repeatedly tries to claim did not occur until December 2018.

64. Knowing the above stated, Trustee has taken it upon himself to retaliate against Law Offices by filing the complaint in an effort to extort money from Law Offices for post-petition remuneration and allowing a discharge in the underlying bankruptcy petition which was fraudulently filed by Monzone.

65. That the actions of Trustee are clearly tortuous interference with the Confession of Judgment executed by Monzone and the Judgment of the Nassau County Supreme Courter in an effort to deny Law Offices the legally and lawfully earned fees for representing Monzone.

## FOURTH COUNTERCLAIM

66. Law Offices repeats, reiterates, and re-alleges the answers given herein numbered 1 through 65 as if the same were set forth herein at length.

67. That the actions of the trustee are in bad faith and not in accordance with the standards of reasonable trustees in similar circumstances.

68. That defendant should be awarded damages against the Trustee for the bad faith action taken in this case.

## FIFTH COUNTERCLAIM

69. Defendant repeats, reiterates, and re-alleges the answers given herein numbered 1 through 68 as if the same were set forth herein at length.

70. That as a result of the above stated, Law Offices have incurred significant fees (in the form of time expended on this and the underlying matter causing lost fees in other matters),

expenses and costs of litigation and should be awarded attorney fees and other costs.

**WHEREFORE** Law Offices prays for a dismissal of plaintiff's complaint and a judgment with award to be determined by the court of money damages on the first through fifth counterclaims; removal of Mr. Barnard as a bankruptcy trustee, and an investigation into the actions of Mr. Barnard as a bankruptcy trustee and the debtor Monzone as it is clear that the fraud on the part of Monzone's has now infected the entire Bankruptcy proceeding. Law Offices secured claim against Monzone should be upheld and distribution of funds in the amount of $27,795.62 with interest from October 5, 2018 be ordered forthwith, and whatever else the court deems proper together with attorney fees and costs.

Dated: Staten Island, New York
January 31, 2020

LAW OFFICES OF GARY R. DEFILIPPO, PC

By:   /s/ Gary R. DeFilippo_____
Gary R. DeFilippo, Esq.
Attorneys and Defendants herein
60 Bay Street, Suite 711
Staten Island, New York 10301
(718) 689- 3850